IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HEATHER WORLEY, Individually and On Behalf of All Others Similarly Situated, § § § § § § § § § § § § § | | NO. _____ |
| Plaintiff, | | |
| v. | | |
| GRUMPY GROUPER SALOON LP, | | JURY TRIAL DEMANDED |
| Defendant. | | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Heather Worley (hereafter referred to as "Worley" or "Plaintiff") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Grumpy Grouper Saloon LP (hereafter referred to as "Grumpy Grouper" or "Defendant"). In support thereof, she would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

3. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of herself and all other similarly situated employees in order to recover unpaid overtime wages.

## II. JURISDICTION AND VENUE

5. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Austin Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Austin Division of the Western District of Texas.

## III. THE PARTIES

7. Plaintiff Heather Worley is a resident of Travis County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period

preceding the filing of this action. Plaintiff Heather Worley was employed with Defendant as a Manager. Plaintiff regularly worked in excess of forty (40) hours per week. However, Plaintiff did not receive overtime pay for all hours worked at the minimum wage and for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8. Defendant Grumpy Grouper Saloon LP is a Texas Limited Partnership that may be served with process by serving its registered agent, Registered Agents, Inc., at 700 Lavaca, Ste. 1401, Austin, Texas 78701. Alternatively, if the registered agent of Grumpy Grouper Saloon LP cannot with reasonable diligence be found at the company's registered office, Grumpy Grouper Saloon LP may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

### IV. FACTS

11. Defendant Grumpy Grouper Saloon LP owns and operates a restaurant in the territorial jurisdiction of this Court.

12. From May 2012 to March 2017, Plaintiff was employed by Grumpy Grouper first, as a bartender, second, under the title of manager, though her job duties more closely resemble a supervisor or team leader.

13. During Plaintiff's employment with Grumpy Grouper, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

14. Additionally, Plaintiff is individually covered under the FLSA as she was engaged in commerce or in the production of goods for commerce throughout her employment with Defendant.

15. During Plaintiff's employment with Grumpy Grouper, she regularly worked in excess of forty hours per week.

16. Defendant knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

17. Defendant paid its employees, including Plaintiff, a "salary" less than $455 per week regardless of the number of hours she worked; in other words, Defendant misclassified its employees including Plaintiff, paying them on a salary basis without overtime.

18. Defendant knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

19. Additionally, Defendant failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

20. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

21. Defendant is liable to Plaintiff for her unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

22. All nonexempt employees employed by Defendant are similarly situated to Plaintiff because they (1) have similar job duties; (2); regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

### V.  COUNT ONE—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

23. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

24. During Plaintiff's employment with Defendant, she was a nonexempt employee.

25. As a nonexempt employee, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which she [was]

employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

26. Defendant failed to pay Plaintiff for the hours she worked over forty in a workweek at one and one-half times her regular rate.

27. If Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

28. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

### VII. COUNT TWO—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

29. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

31. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

### VIII. COUNT THREE—COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. On information and belief, other nonexempt employees have been victimized by Defendant's violations of the FLSA identified above.

34. These nonexempt employees are similarly situated to Plaintiff because (1) they have similar job duties; (2) they regularly work in excess of forty hours per week; (3) they are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

35. Defendant's policies or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

36. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

37. All nonexempt employees of Defendant, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All nonexempt employees employed by Defendant during the last three years.

38. Defendant is liable to Plaintiff and the other nonexempt employees for the difference between what it actually paid them and what it was legally obligated to pay them.

39. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendant owes Plaintiff and the other nonexempt employees their unpaid overtime wages for at least the last three years.

40. Defendant is liable to Plaintiff and the other nonexempt employees in an amount equal to their unpaid overtime wages as liquidated damages.

41. Defendant is liable to Plaintiff and the other nonexempt employees for their reasonable attorneys' fees and costs.

42. Plaintiff has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## IX. Jury Demand

43. Plaintiff demands a trial by jury.

## X. Prayer

44. Plaintiff prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Plaintiff and the other nonexempt employees all unpaid minimum wage, overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

d.  Postjudgment interest at the applicable rate;

e.  All such other and further relief to which Plaintiff and the nonexempt employees may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: */s/ Melissa Moore*
Melissa Moore
Federal Id. No. 25122
State Bar No. 24013189
Curt Hesse
Federal Id. No. 968465
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**